IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| K.V. CHOWDARY, M.D., INDIVIDUALLY, D/B/A VALLEY GASTROENTEROLOGY CLINIC, P.A. AND VALLEY GASTROENTEROLOGY CLINIC, P.A. § § § § § § | |
| v. § | Case No. _____ |
| § | |
| UNIVERSAL HEALTH SERVICES, INC.; UNIVERSAL HEALTH SERVICES OF DELAWARE, INC.; UNIVERSAL HEALTH SERVICES OF MCALLEN, INC., D/B/A MCALLEN MEDICAL CENTER AND HAROLD SIGLAR § § § § § § § § | |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446, and all other applicable laws, Defendants, UNIVERSAL HEALTH SERVICES, INC., UNIVERSAL HEALTH SERVICES OF DELAWARE, INC., UNIVERSAL HEALTH SERVICES OF MCALLEN, INC. D/B/A MCALLEN MEDICAL CENTER, AND HAROLD SIGLAR, (collectively "Defendants"), hereby give Notice of Removal of the above action, *K.V. Chowdary, M.D., et al v. Universal Health Services, Inc., et al*, bearing Civil Action Number C-5004-99-F, from the 332nd Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

As grounds for removal, Defendants state as follows:

I.
INTRODUCTION AND FACTUAL BACKGROUND

1. On June 17, 1999, an Original Complaint[1] and on February 15, 2002 a Second Amended Original Complaint[2], naming K.V. Chowdary as Plaintiff were filed against McAllen Medical Center, Inc., Universal Health Services, Inc., and Universal Health Services of Texas, Inc. (collectively "UHS"), alleging violations of the False Claims Act, Stark Laws, violations of the United States Code of Federal Regulations Chapter 42[3], and violation of the Texas Occupational Code §162.001.[4] On March 31, 2003 and subsequently on July 31, 2003, the Federal District Court dismissed all of Plaintiff, K.V. Chowdary's claims against Defendant, UHS.[5]

2. On September 24, 1999, Plaintiff, K.V. Chowdary, filed a Petition against Universal Health Services, Inc., Universal Health Services of Delaware, Inc., Universal Health Services of McAllen, Inc. d/b/a McAllen Medical Center, and Harold Siglar (collectively "UHS") in the 332nd Judicial District Court of Hidalgo County, Texas.[6] Defendant, UHS, was served with Plaintiffs' Original Petition on or about October 5, 1999. Defendants' filed their Original Answer

---

[1] Exhibit "A;" Civil Action No. M-99-172, *United States of America, Ex. Rel. K.V. Chowdary, M.D. v. McAllen Medical Center, Inc., Universal Health Services, Inc., and Universal Health Services of Texas, Inc.*

[2] Exhibit "B;" *Id*.

[3] Exhibit B at Pg. 4, ¶ 12. Specifically, that Defendant, UHS, violated 42 C.F.R. §482.22, which requires the establishment of medical staff bylaws and enforcement of those bylaws.

[4] 42 U.S.C. §1320a-7b(a) and (b). *See* Exhibit "B" at Pg. 2, ¶ 8- Pg.12, ¶ 35.

[5] Exhibit "C."

[6] Exhibit "D."

and Jury Demand on October 22, 1999.[7] On January 29, 2014, Plaintiff, K.V. Chowdary, filed a Supplemental Petition.[8] Based on both Petitions, Plaintiff, K.V. Chowdary, alleges that because he filed suit in Federal Court against Defendant, UHS, for alleged misappropriation of Disproportionate Share Hospital funds, violations of Stark and violations of the Federal Claims Act, beginning in 1994, Defendants "punished" Plaintiffs.[9] Defendant, UHS, "punished" Plaintiffs by conspiring to tortiously interfere with Plaintiffs' contractual relationships with other physicians in Plaintiffs' medical practice group by encouraging physicians to leave Plaintiffs' medical practice group.[10] In addition, Plaintiffs allege that Defendant, UHS tortiously interfered with contracts with prospective patients and fraud.[11]

3.      On September 12, 2014, Defendant, UHS, moved for removal of the State action to Federal Court based on the other paper doctrine and res judicata after Plaintiffs served Defendant, UHS, with a Notice of Deposition of a Universal Health Services' Representative with Topics of Inquiry.[12] The Topics of Inquiry focused on Defendant, UHS's alleged violations

---

[7] Exhibit "E."

[8] Exhibit "F."

[9] Exhibit "D" at Pg. 3, ¶ 8 - Pg. 5, ¶ 23; See *also* Exhibit "F" at Pgs. 2-12.

[10] *Id*.

[11] *Id*.

[12] Exhibit "G."

of False Claims Act, Stark Laws, violations of the United States Code of Federal Regulations Chapter 42.[13]

4.  Although the Court ultimately remanded the matter to State Court, the Court recognized that there is "some precedent in the Circuit that suggests that the assertion of a res judicata defense arising from a Federal Court dismissal may give rise to Federal question jurisdiction."[14] However, the Court remanded the matter, without deciding the res judicata issue.[15]

5.  In this instance, Plaintiffs have asserted in their Trial Exhibit List that they will use Federal Court documents from the previously litigated and resolved Federal matter.[16] Plaintiffs' Exhibit List also reflects that Plaintiffs' will use several depositions of Defendant, UHS' witnesses[17], Plaintiffs' Petitions, Plaintiffs' Motions for Summary Judgment, and documents contained in Plaintiffs' August 23, 2017 voluminous 1,700 page document dump.[18] Because the Court did not decide the issue of res judicata, Defendant, UHS will show that based on the

---

[13] Exhibit "H" at No. 20, 29, 33, 38, 41, 49-53, 54, 55, 60, 62,

[14] Exhibit "I," Doc. #23, Pg. 6. (citing *Edegbele v. Texasco Overseas Petrol. Co.*, 840 F. Supp. 448; *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)).

[15] *Id*. at pp. 7. In a footnote, the Court made a specific point to state that the "Court decline[d] to decide whether the assertion of a res judicata defense arising from a Federal Court judgment, standing alone, can ever give rise to Federal question jurisdiction."

[16] Exhibit "J" at Pg. 7, (Exhibit No. 80).

[17] *Id*. at Pg. 6 (Exhibits 60-70).

[18] Although Defendant, UHS, in 2001 served Plaintiffs with written discovery and multiple Motions to Compel, Plaintiffs' never formerly supplemented this discovery. Instead on August 23, 2017, Plaintiffs' dumped, without formerly supplementing responses to discovery, over 1,700 pages of documents.

"other paper" doctrine[19], specifically, Plaintiffs' September 7, 2017 Trial Exhibit List and recently produced (August 23, 2017), that Plaintiffs seek to litigate and/or re-litigate in the State Court, matters already determined in the Federal Court litigation or matters that are exclusively Federal in nature.[20] An attack on a Federal Judgment creates Federal question jurisdiction.[21]

6. Pursuant to 28 U.S.C. §1446(a), a true and legible copy of the Petition and Summons are attached as Exhibit "K."[22] Pursuant to Local Rule 81, the State Court Docket, all executed process, pleadings, Orders, and the Index of matters being filed are attached as Exhibit "L."[23]

## II.
## NOTICE OF REMOVAL AS TIMELY FILED

7. This lawsuit is a civil action within the meaning of the acts of Congress relating to the removal of causes.

8. Defendants' received a 1,700 page document dump on August 23, 2017 and Plaintiffs' filed their Trial Exhibit List on September 7, 2017. The documents include the

---

[19] 28 U.S.C. §1446(b) (3); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164, 1992 U.S. App. LEXIS 19801, *12 (5th Cir. Tex. 1992).

[20] *Deauville Associates v. Lojoy Corp.*, 181 F.2d 5, 6 (5th Cir.1950).

[21] *Agilectric Power Partners, Ltd. v. General Electric, Co.*, 20 F.3d 663, 664 (5th Cir. 1994); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989).

[22] Exhibit "K."

[23] Exhibit "L."

Corporate Integrity Agreement[24] entered into by Defendant, UHS and various physician services agreement between Defendant, UHS, and Ralph Alhalel, M.D.[25], and Plaintiff, K.V. Chowdary, M.D., including On-Call Agreements, Emergency Call Coverage, Medical Director and Physician Services Agreements.  In addition, depositions of K.V. Chowdary, M.D.[26], financial summaries of Fatih Ozcelebi, M.D.[27], and Ralph Alhalel, M.D.'s financial statements.

9.   The removal of this action to this Court is timely filed under 28 U.S.C. §1446(b)(3) because this Notice of Removal is filed within thirty (30) days after August 23, 2017 and September 7, 2017.  Plaintiffs' Trial Exhibit List, documents produced by Plaintiffs and identified by Plaintiffs as their trial exhibits[28] constitute "other paper" received after the initial pleading.[29]  The thirty (30) day removal period begins to run when defendant receives the

---

[24] Exhibit "J" at Pg. 3 (Exhibit No. 7).  The Corporate Indemnity Agreement was entered into between McAllen Hospitals, L.P. d/b/a South Texas Health Systems and the Office of Inspector General of the United States Department of Health and Human Services to promote compliance with statutes, regulations, and written directives of Medicare, Medicaid, and all other Federal healthcare programs as defined in 42 U.S.C. §1320a-7b(f).

[25] Dr. Alhalel was one (1) of the two (2) physicians that Plaintiffs claim were allegedly enticed by Defendant, UHS, to leave Plaintiffs' physician group practice and allegedly was financially rewarded by Defendant, UHS, in violation of Stark and Anti-Kickback Statute.  See Exhibit "A;" *See* also Exhibit "B."

[26] The deposition of Plaintiff, K.V. Chowdary, M.D., taken on April 12, 1999, is from an unrelated State action filed by Plaintiff, Chowdary.  Cause No. CL-29, 133-B; *K.V. Chowdary, M.D., d/b/a Valley Gastroenterology Clinic, P.A. v. Fatih Ozcelebi, M.D.*

[27] Dr. Ozcelebi was one (1) of the two (2) physicians that Plaintiffs claim were allegedly enticed by Defendant, UHS, to leave Plaintiffs' physician group practice and allegedly was financially rewarded by Defendant, UHS, in violation of Stark and Anti-Kickback Statute.  See Exhibit "A;" *see* also Exhibit "B."

[28] Exhibit "J" at Pg. 2, 6 and 8 (Exhibit 6: Anti-Kickback Statute and Stark Law Chart; Exhibit No. 57 Judgment [USA Ex. Rel and *Chowdary v. McAllen Medical Center, Inc. and University Health Services, Inc.]*; Exhibit No. 80: documents from [Civil Action No. M-99-172; *USA Ex. Rel and Chowdary v. McAllen Medical Center, Inc. and University Health Services, Inc.]).*

[29] 28 U.S.C. §1446(b)(3); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164, 1992 U.S. App. LEXIS 19801, *12 (5th Cir. Tex. 1992).

requisite written notice of facts making the case removable.[30]  Further, discovery responses qualify as "other paper" that may serve as notice.[31]

10.     The United States District Court for the Southern District of Texas is the proper place to file this Notice of Removal under 28 U.S.C. §1441(a) because it is in the Federal District Court that embraces the place where the original action was filed and is pending.

### III.
### THIS COURT HAS FEDERAL QUESTION JURISDICTION

11.     Federal Question Jurisdiction exists over Plaintiffs' claims under 28 U.S.C. §1331 because the resolution of Plaintiffs' claims will require adjudication of disputed questions of Federal law.

12.     On September 7, 2017, Defendants received Plaintiffs' Trial Exhibit List[32], which identifies that Plaintiffs will use documents from "Civil Action No. M-99-172, *USA Ex. Rel. K.V. Chowdary, M.D. v. McAllen Medical Hospitals, L.P. d/b/a South Texas Health System, et. al.*"[33], including the Complaints and Judgment[34] issued in the dismissed federal matter, the Anti-Kickback Statute and Stark Law Chart[35]. It is only now apparent that Plaintiffs seek to re-litigate

---

[30] *Chapman*, 969 F.2d at 161.

[31] *Id.; Ford v. Shoney's Restaurants*, 900 F. Supp. 57, 59, 1995 U.S. Dist. LEXIS 14989, *7 (E.D. Tex. July 7, 1995).

[32] Exhibit "J."

[33] Exhibit "J" at Pg. 7, No. 80.

[34] Exhibit "J" at Pg. 5, No. 57.

[35] Exhibit "J" at Pg. 1, No. 6.

the issues previously resolved by a Federal District Court by attacking the validity of that Judgment. The preclusive effect of a prior Federal Court Judgment is controlled by Federal res judicata rules.[36] Thus, this lawsuit involves a Federal question.

13.     Plaintiffs' attack on a Federal judgment creates Federal question jurisdiction.[37] The Fifth Circuit Court of Appeals has repeatedly held that an action brought in State Court in an attempt to nullify or circumvent an order of a Federal District Court is removable to Federal District Court on the ground that it is a civil action founded on a claim or right arising under the laws of the United States.[38] It is well settled that a Federal District Court can exercise ancillary jurisdiction over a second action in order "to secure or preserve the fruits and advantages of a judgment or decree rendered" by that court in a prior action.[39] Such jurisdiction is appropriate where the effect of an action filed in State Court would "effectively nullify" the

---

[36] *Agilectric Power Partners, Ltd. v. General Electric, Co.*, 20 F.3d 663, 664 (5th Cir. 1994); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989).

[37] *Agilectric Power Partners, Ltd. v. General Electric, Co.*, 20 F.3d 663, 664 (5th Cir. 1994); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989).

[38] *Deauville Associates v. Lojoy Corp.*, 181 F.2d 5 (5th Cir.1950)*; Villarreal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir.1976); *Royal Ins. Co. of America v. Quinn–L Capital Corp.* 960 F.2d 1286 (5th Cir.1992). *Berman v. Denver Tramway Corp.*, 197 F.2d 946 (10th Cir.1952).

[39]  *Royal Insurance Co. of America v. Quinn-L Capital Corp.,* 960 F.2d 1286, 1292 (5th Cir.1992); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 868 (5th Cir.1984) *(quoting Local Loan Co. v. Hunt,* 292 U.S. 234, 238, 54 S. Ct. 695, 696, 78 L. Ed. 1230 (1934)).

judgment of a prior Federal action.[40]  This is true even where the Federal District Court would not have jurisdiction over the second action if it had been brought as an original suit.[41]

14.     The Fifth Circuit has recognized that when deciding subject matter jurisdiction such as this, the Court may look behind the pleadings to determine whether Plaintiffs' allegations are an attempt to nullify or circumvent a prior Federal Order or Judgment.[42]

15.     In *Deauville*, the Fifth Circuit Court held that a Complaint or Amended Complaint cannot "do by indirection in the State Court what it had been denied the right to do by intervention in the Federal Court. This was to re-litigate in the State Court matters already determined in the Federal Court."[43]

16.     In *Villarreal*, the Fifth Circuit Court held that removal was proper because a party may not fraudulently evade removal by drafting a Complaint so that the true purpose of the lawsuit is artfully disguised.[44]

---

[40] *Id.*

[41] *Royal Ins. Co. of America v. Quinn–L Capital Corp.* at 1292.

[42] *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir.1976) (quoting 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction s 3734, (1976)) (citing *Nunn v. Feltinton*, 294 F.2d 450 (5 Cir. 1961), cert. denied, 369 U.S. 817, 82 S. Ct. 829, 7 L.Ed.2d 784 (1962)).

[43] *Deauville Associates v. Lojoy Corp.*, 181 F.2d 5, 6 (5th Cir. 1950).

[44] *Villarreal*, 529 F.2d at 1221.

17.     The *Villarreal* Court recognized that, in practice, Federal Courts do not limit their inquiry to the face of plaintiff's complaint, but rather *consider the facts disclosed on the record as a whole* in determining the propriety of removal.[45]

18.     The *Villarreal* Court reasoned that removal was proper because: (1) appellant's complaint is essentially an attempt to increase his recovery for the personal injuries that were the subject of the prior law suit in the United States District Court; and (2) by seeking to institute a suit in State Court, appellant sought to circumvent two (2) orders of the United States District Court in the first suit.[46]   Therefore, the attempted circumvention also created a Federal question since a Federal District Court is empowered to protect its jurisdiction.[47]

19.     In this case, like the Fifth Circuit Court in *Villarreal*, this Court should *consider the facts disclosed on the record as a whole.*[48]   Here, based on Plaintiffs' recently improperly produced voluminous documents, Plaintiffs' Trial Exhibit List and the record clearly shows that Plaintiffs are attempting to litigate and/or re-litigate previously litigated and resolved Federal issues to attempt to nullify or circumvent an Order of a Federal District Court or to litigate matters exclusively Federal in nature.[49]

---

[45] *Id.*

[46] *Id*.

[47] *Id.*

[48] *Villarreal v. Brown Express, Inc.,* 529 F.2d 1219 (5th Cir. 1976).

[49] *Deauville Associates v. Lojoy Corp.*, 181 F.2d 5 (5th Cir. 1950)*; Villarreal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir. 1976).

20.     Exhibit 74 of Plaintiffs' Trial Exhibit List is Plaintiff, K.V. Chowdary's Traditional and No Evidence Motions for Partial Summary Judgment.[50]  Plaintiffs argued that Defendant, UHS, was diverting and referring patients away from Plaintiffs to Dr. Alhalel and Dr. Ozcelebi for financial gain.[51]  Plaintiffs expertly and artfully crafted their argument therein so as to avoid any impression of raising legal issues concerning applicable Federal statutes already resolved by the Federal Court.[52]

21.     It is only now evident that Plaintiffs seek to litigate and/or re-litigate in the State Court what has already been resolved by a Federal Court based on Plaintiffs' Trial Exhibit List[53] and recent document production.  Plaintiffs' Trial Exhibit List and document production reflect Plaintiffs' assertion to use physician agreements between Defendant, UHS, and Dr. Alhalel as well as financial summaries for Dr. Ozcelebi and Dr. Alhalel.   Plaintiffs' assertions recently made coupled with a close analysis of the Federal issues raised in the dismissed Federal matter establish Plaintiffs' true intentions to litigate and/or re-litigate the resolved Federal issues.  In the resolved Federal matter, Plaintiffs argued that Defendant, UHS, violated the Stark and Anti-Kickback statute because physicians like Dr. Ozcelebi, were referring patients to Defendant, UHS, in exchange for financial gain.[54]  It is only now evident that Plaintiffs intend to use the

---

[50] Exhibit "J;" *see also* Exhibit "M."

[51] Exhibit "M" at Pg. 23 and Pgs. 54-55.

[52] *Id.*

[53] Exhibit "J."

[54] Exhibit "B" at Pg. 6, ¶ 18 and Pg. 10, ¶ 28.

agreements and financial summaries to show the jury that Defendant, UHS, violated the Stark and Anti-Kickback statutes.

22. Identified as Exhibit 67 in Plaintiffs' Trial Exhibit List is the deposition of Corporate Representative, Jennifer Garza.[55] As stated in Paragraph 3 and 4, supra, Defendant, UHS, previously attempted to remove this matter because Plaintiffs' asserted in their Topics of Inquiry[56] to Defendant, UHS's Corporate Representative that Plaintiffs demanded testimony regarding violations of Federal law.[57] The Topics of Inquiry to be covered with Defendant, UHS' Corporate Representative were directly related to the Federal law violations that Plaintiffs had previously alleged in the dismissed Federal matter.[58] Subsequent to the removal Plaintiffs' counsel cross examined, Defendant, UHS' Corporate Representative, Jennifer Garza, regarding a previous UHS Corporate Integrity Agreement, violations of Stark Law, and violations of the Federal Claims Act.[59]

23. It is now evident from Plaintiffs' assertions in their Trial Exhibit List and document production that Plaintiffs will use Ms. Garza's deposition testimony in addition to Plaintiffs' Motion for Summary Judgment, the physician agreements between Defendant, UHS, and Dr.

---

[55] Exhibit "J."

[56] Exhibit "H."

[57] Exhibit "G;" *see also* Exhibit "H."

[58] Exhibit "A;" *see also* Exhibit "B."

[59] Exhibit "N" at Jennifer Garza's deposition Pg. 23, Ln. 22 - Pg. 26, Ln. 25; Pg. 27, Ln. 21 - Pg. 30, Ln. 4; Pg. 32, Lns. 2-19.

Alhalel, and the financial summaries for Dr. Ozcelebi and Dr. Alhalel.   Based on Plaintiffs' recent unequivocal assertion it is only now apparent that Plaintiffs intend to litigate and/or re-litigate the resolved Federal issues.

24.   To the extent the Petition alleges statutory, state common law or other non-federal claims, this Court has supplemental jurisdiction over any such claims over 28 U.S.C. §1367 because those claims arise out of the same operative facts as Plaintiffs' claims under Stark Law codified in 42 U.S.C. 1395nn, False Claims Act codified in 31 U.S.C. §3729 et seq. and "form part of the same case or controversy under Article 3 of the United States Constitution." 28 U.S.C. §1367(a).

25.   Because Plaintiffs' Stark Law and False Claim Acts claims arise under the laws of the United States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. §§1441(a)-(c).

### IV.
### NOTICE OF REMOVAL TO THE 332ND JUDICIAL DISTRICT COURT OF HIDALGO COUNTY, TEXAS

26.   Concurrently with this Notice of Removal, pursuant to 20 U.S.C. §1446(a) Defendants will file a copy of this Notice with the 332nd Judicial District Court of Hidalgo County, Texas.  A copy of the written notice of their Notice of Removal to Federal Court is attached hereto as Exhibit "O."  In accordance with 28 U.S.C. §1446(d) Defendants will give written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs.

27. If any question arises as to the propriety of removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable.[60]

28. Pursuant to Local Rule 81, a list of all counsel of record, including address, telephone numbers, and parties responsible, is attached as Exhibit "P."

## V.
## CONCLUSION

29. For the foregoing reasons, Defendants respectfully request that this civil action be, and is hereby, removed to the United States District Court for the Southern District of Texas, McAllen Division, that this Court assume jurisdiction of the civil action, and that this Court enter such other and further Orders as may be necessary to accomplish the requested removal and promote the ends of justice.

> Respectfully submitted,
>
> GONZALEZ CASTILLO, LLP
>
> By:  /s/Gerald E. Castillo
> Steven M. Gonzalez
> SBN:  08131900
> Federal ID: 3321
> Gerald E. Castillo
> SBN: 24012399
> Federal ID: 25430
> Ezequiel "Zeke" Moya, Jr.
> SBN: 24092685
> Federal ID: 2649227

---

[60] *Sierminski v. Trans South Fin. Court.*, 216F, 3.d. 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in asserting removal jurisdiction may be considered by the Court).

1317 E. Quebec Ave.
McAllen, Texas  78503
(956) 618-0115
FAX:  (956) 618-0445
Email: law@valleyfirm.com

ATTORNEYS FOR DEFENDANTS,
UNIVERSAL HEALTH SERVICES, INC., UNIVERSAL HEALTH SERVICES OF DELAWARE, INC., UNIVERSAL HEALTH SERVICES OF MCALLEN, INC. D/B/A MCALLEN MEDICAL CENTER, AND HAROLD SIGLAR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to Plaintiffs' counsel of record via certified mail, return receipt requested, on this 15th day of September, 2017.

       /s/Gerald E. Castillo
       Gerald E. Castillo

F:\data\WPDOCS\C\Chowdary, K. v. Universal 79.003\REMOVAL to Federal Court\REMOVAL DEUX\Notice of Removal.wpd