# EXHIBIT "A"

United States District Court
Southern District of Texas
FILED

JUN 17 1999

Michael N. Milby, Clerk

M-99-172

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL AND JOHN DOE,<br>    *Plaintiffs*<br><br>VS.<br><br><br>MCALLEN MEDICAL CENTER, INC., UNIVERSAL HEALTH SERVICES, INC., UNIVERSAL HEALTH SERVICES OF TEXAS INC., AND FRANCISCO BRACAMONTES, M.D.,<br>    *Defendants* | CIVIL ACTION NO._____<br><br><br><u>**FILED UNDER SEAL**</u><br>31 U.S.C. § 3730(a)(2) |

## COMPLAINT
### (FALSE CLAIMS ACT)

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America and John Doe file this original complaint in camera, against Defendants MCALLEN MEDICAL CENTER, INC., UNIVERSAL HEALTH SERVICES, INC., UNIVERSAL HEALTH SERVICES OF TEXAS INC., and FRANCISCO BRACAMONTES, M.D., pursuant to and in accordance with 31 U.S.C. § 3729 et seq., False Claims Act (FCA). In compliance with 31 U.S.C. § 3730 (b)(2), this complaint is filed in camera and should remain under seal for a period of at least sixty (60) days and <u>shall not</u> be served on the Defendants until the Court so orders. The Government may elect to intervene and proceed with the action within sixty (60) days after it receives the complaint.

# I.
# Parties

1. Qui Tam Plaintiff John Doe is, and at all times relevant was, a citizen of the State of Texas residing in Hidalgo County, Texas. Plaintiff brings this action against the Defendants for violations of 31 U.S.C. § 3729, for himself and the United States Government, pursuant to the authority granted by 31 U.S.C. §3730.

2. Pursuant to 31 U.S.C. § 3730 (b)(2), the complaint is being provided to the Attorney General of the United States and to the United States Attorney for the Southern District of Texas.

3. Defendant McAllen Medical Center, Inc., is a corporation in the business of providing medical services in and around McAllen, Hidalgo County, Texas. Defendant McAllen Medical Center may be served with process through its registered agent, C.T. Corporation System at 350 North St. Paul Street, Dallas Texas 75201.

4. Defendant Universal Health Services, Inc., is a corporation in the business of providing medical services in and around McAllen, Hidalgo County, Texas. Defendant Universal Health Services, Inc. may be served with process through its registered agent, C.T. Corporation System at 350 North St. Paul Street, Dallas Texas 75201.

5. Defendant Universal Health Services of Texas Inc., is a corporation in the business of providing medical services in and around McAllen, Hidalgo County, Texas. Defendant Universal Health Services of Texas, Inc. may be served with process through its registered agent, C.T. Corporation System at 350 North St. Paul Street, Dallas Texas 75201.

6. Defendant Francisco Bracamontes, M.D., is a practicing physician in the City of McAllen, Hidalgo County, Texas. Defendant Francisco Bracamontes M.D., is an individual who is a resident of the State of Texas who may be served with process at 1801 South 5th, Suite 215, McAllen, Texas 78503, pursuant to Federal Rule of Civil Procedure 4(e).

# III.
# Jurisdiction and Venue

7. This is an action to recover damages and civil penalties on behalf of the United States of America arising out of false claims presented by Defendants under the Federal Medicare and Medicaid Program. This action arises under the provisions of Title 31 U.S.C. Section 3729, et seq. of the False Claims Act which provides that the United States District Courts shall have exclusive jurisdiction of

actions brought under that Act.

8. Section 3732(a) of the False Claims Act provides that "[a[ny action under section 3730 may be brought in any judicial district in which the Defendant or, in the case of multiple Defendants, any one Defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." One or more Defendants reside and transact business in this Judicial District and the acts complained of herein occurred in substantial part in McAllen, Texas within this judicial district.

## IV.
## Facts

9. In December 1993, McAllen Medical Center employed Francisco I. Bracamontes to provide cardio, thoracic, and vascular surgery to patients admitted to its health care facility. Dr. Bracamontes is still employed in this capacity at McAllen Medical Center. However, Francisco I. Bracamontes, M.D., was not properly credentialed by the medical staff and the board when he sought privileges at McAllen Medical Center. Title 42, Section 488.22(a)(2) of the Code of Federal Regulations provides that "...the medical staff _must_ examine credentials of candidates for medical staff membership... ." (emphasis added). The Medicare and Medicaid Conditions of Participation for Hospitals also require the collection of credentialing information for purposes of reappointment to the medical staff. 42 C.F.R. § 482.22.

10. In fact, Francisco I. Bracamontes was not licensed by the State of Texas at the time he became a Staff Cardiovascular Surgeon in December of 1993 at McAllen Medical Center. The Joint Commission on Accreditation of Healthcare

Organizations (JCAHO), federal and state law, and McAllen Medical Center's own bylaws require that all physicians be licensed before they can provide patient care at a healthcare facility.

11.     McAllen Medical Center has also falsely represented that Dr. Francisco I. Bracamontes is board certified in general surgery and cardio-thoracic surgery at the present time.  McAllen Medical Center's website at *http://www.uhsmmc.com* states as follows:

> "For the heart patient, the South Texas Heart Institute of McAllen Medical Center offers an outstanding team of cardiology specialists, all <u>board certified</u> in their respective fields.  The Institute provides the highest technology in non-invasive and invasive cardiology, including one-day cardiac catherization, angioplasty and open heart/bypass surgery.

Francisco I. Bracamontes is neither board certified in general surgery nor cardio-thoracic surgery.  McAllen Medical Center's bylaws also <u>require</u> that Francisco I. Bracamontes be board certified in general surgery and cardio-thoracic surgery:

> "Physicians must have completed in their specialty, a formal training program accredited by the AMA Directory of Graduate Medical Education Programs, the Accreditation Council for Graduate Medical Education or the Council of the Royal College of Physicians and Surgeons of Canada.  Sub-specialty must have fulfilled the qualification requirements of their sub-specialty <u>Board</u> in addition to successful completion of a formal training program in their specialty." Bylaws at page 10.

In addition, McAllen Medical Center has not complied with federal and state law and JCAHO standards that require that a healthcare facility adopt and comply with the criteria delineated in their bylaws for credentialing physicians seeking staff privileges.  McAllen Medical Center has falsely certified their compliance with

PLAINTIFF'S ORIGINAL COMPLAINT, Page - 4

JCAHO standards and all applicable Medicare/Medicaid statutes and regulations on which government payment is conditioned.

12. The Health Facility Compliance Division of the Texas Department of Health requires that hospitals establish their eligibility to provide services for reimbursement under the Medicare/Medicaid Program by submitting information on Form HCFA-1514. On February 3, 1997, McAllen Medical Center's Director, John L. Mims, made a false statement and representation on Part VII of Form HCFA-1514 by certifying that no physicians were salaried by their health care facility. In fact, Francisco I. Bracamontes is a salaried employee of McAllen Medical Center. Services provided by Francisco I. Bracamontes at McAllen Medical Center have been submitted for payment to the Medicare/Medicaid program. However, Dr. Bracamontes is not obtaining any money received from the federal government.

13. Additionally, other physicians have billed the Medicare/Medicaid Program for services not rendered. The Federal False Claims Act imposes liability on any person who submits a false or fraudulent claim for payment. 31 U.S.C. § 3729(a)(2). A physician has billed for services allegedly rendered as an assistant to Dr. Francisco I. Bracamontes; however, medical records will reveal that physician never rendered such services.

14. McAllen Medical Center has also accepted referrals of Medicare/Medicaid patients from a physician who has a financial relationship with McAllen Medical Center that is prohibited by 42 U.S.C. § 1395nn and then submitted claims for such patients in violation of the statute. That physician's brother *allegedly* owns a company, which provides perfusion services to heart surgeons at McAllen Medical Center. The physician is an alleged *consultant* for this business and is paid

approximately $200,000.00 annually for his services. Reliable information reveals that the physician is, in fact, the true owner of the company.

## V.
## First Claim

15. Plaintiffs, in this Claim, adopt and reiterate all of the facts alleged in paragraph 7 through 14, as fully and completely as if they were incorporated herein verbatim. Plaintiffs charge that in performing the acts hereinbefore set out Defendants, McAllen Medical Center, Inc., Universal Health Services, Inc., Universal Health Services of Texas Inc., and Francisco I. Bracamontes, M.D., through the acts of their officers, knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government to the damage of the Treasury of the United States.

## VI.
## Second Claim

16. Plaintiffs, in this Second Claim, adopt and reiterate all of the facts alleged in paragraph 7 through 14, as fully and completely as if they were incorporated herein verbatim. In addition, Plaintiffs charge that in performing the acts hereinbefore set out, Defendants McAllen Medical Center, Inc., Universal Health Services, Inc., Universal Health Services of Texas Inc., and Francisco I. Bracamontes, M.D., through the acts of their officers conspired to defraud the Government by getting a false or fraudulent claim allowed or paid to the damage of the Treasury of the United States.

## VII.
## Third Claim

17. Plaintiffs, in this Third Claim, adopt and reiterate all of the facts alleged in paragraph 7 through 14, as fully and completely as if they were incorporated herein

PLAINTIFF'S ORIGINAL COMPLAINT, Page - 6

verbatim. In addition, Plaintiffs charge that in performing the acts hereinbefore set out, Defendants McAllen Medical Center, Inc., Universal Health Services, Inc., Universal Health Services of Texas Inc., and Francisco Bracamontes, M.D., through the acts of their officers, were unjustly enriched by their action, to the damage of the Treasury of the United States. The United States, through the carrier paid defendants for numerous claims under the Medicare/Medicaid Program submitted for payment when, in fact, defendants were not entitled to said payment and had not complied with the Medicare/Medicaid Conditions of Participation.

## Conclusion

18. As more fully set forth above, Defendants have violated 31 U.S.C. § 3729 by:

   a. Knowingly presenting or causing to be presented to officers or employees of the United States Government or members of the Armed Forces of the United States false or fraudulent claims for payment or approval;

   b. Knowingly making, using, or causing to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Government; and

   c. Conspiring to defraud the Government by getting false or fraudulent claims filed or paid.

Accordingly, Defendants are jointly and severally liable to the United States Government for Civil penalties, plus treble damages pursuant to 31 U.S.C. § 3729(a).

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, United States, requests that judgment be entered in its favor and against Defendants MCALLEN MEDICAL CENTER, INC., UNIVERSAL HEALTH SERVICES, INC., UNIVERSAL HEALTH SERVICES OF TEXAS INC., and FRANCISCO BRACAMONTES, M.D., as follows:

a)  That by reason of the violations of the False Claims Act as set out in the various claims, this Court enter a judgment against Defendants in an amount equal to Three (3) times the amount of damages the United States Government has sustained because of Defendants' actions, plus a civil penalty of not less than Five Thousand Dollars ($5,000.00) and not more than Ten Thousand Dollars ($10,000.00) for each violation of 31 U.S.C. Section 3729;

b)  That Relators, as Qui Tam Plaintiffs, be awarded the maximum amount allowed pursuant to Section 3730(d) of the False Claims Act and/or any other applicable provision of law;

c)  That Relator be awarded all costs of this action, including attorney's fees and Court costs;

d)  Judgment against each and all of the Defendants both jointly and severally for actual and compensatory and special damages sustained by Plaintiff herein;

e)  Pre-judgment interest at the highest legal rate;

f)  Post judgment interest at the highest legal rate;

g)  Attorney's fees;

h)  All costs of court herein expended;

i)  Such other and further relief to which Plaintiff may show himself to be justly entitled to receive.

Respectfully submitted,

LAW OFFICE OF NORMAN JOLLY
1018 Preston, Suite 450
Houston, Texas 77002
(713) 237-8883
(713) 237-8385 (FAX)

By: _____
NORMAN JOLLY
State Bar No. 01856920
Federal ID No. 4575
**ATTORNEYS FOR PLAINTIFFS**